UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-80585-CV-MIDDLEBROOKS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

KEITH HOULIHAN,

    Defendant.
_____/

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT KEITH HOULIHAN

The Securities and Exchange Commission having filed a Complaint and Defendant Keith Houlihan having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment of Permanent Injunction and Other Relief (the "Judgment"); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

**I.**

### SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934

**IT IS HEREBY ORDERED AND ADJUDGED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor; about: (A) any investment in or offering of securities, (B) the prospects for success of any product or company, (C) the use of investor funds, or (D) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

## SECTION 17(a) OF THE SECURITIES ACT OF 1933

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any

means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor; about: (A) any investment in or offering of securities, (B) the prospects for success of any product or company, (C) the use of investor funds, or (D) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

### SECTION 15(a) OF THE EXCHANGE ACT

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78j(b)], by acting as a broker or dealer to effect any transactions in, or to induce or attempt to induce the purchase or sale of any security, unless he first registers with the Securities and Exchange Commission as a broker or dealer.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

### SECTION 13(a) OF THE EXCHANGE ACT

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13] by knowingly or recklessly providing substantial assistance to an issuer that fails to timely and accurately file the reports as the Commission has prescribed, and fails to include, in addition to the information expressly required to be stated in the reports, such further material information as was necessary to make the statements made therein, in light of the circumstances in which they were made, not

misleading; and by filing or causing to be filed with the Commission materially false and misleading financial and informational statements.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also binds the following who receive actual notice of this Final Judgment of Permanent Injunction by personal service or otherwise: (a) any of Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).Rule 13a-14 of the Exchange Act

## V.

## RULE 13a-14 OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Rule 13a-14 of the Exchange Act [17 C.F.R. § 240.13a-14], by falsely certifying in an annual report based on his knowledge, the disclosure report did not contain any untrue statement of material fact or omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which such statements were made, not misleading, with respect to the period covered by the report.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VI.

## DISGORGEMENT

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant is liable for disgorgement of $110,106.00, representing ill-gotten gains as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $16,156.30, for a total of $126,262.30. In view of the restitution order requiring Defendant to pay $21,084,746 entered in *United States v. Craig Sizer, et al.*, Crim. No. 16-CR-20715-MGC (S.D. Fla. 2016), which involves, among other things, the same conduct alleged in this matter, Defendant's disgorgement and prejudgment interest obligation in this matter is deemed satisfied.

## VII.

## OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VIII.

## PENNY STOCK BAR

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or

attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## IX.

## INCORPORATION OF DEFENDANT'S CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## X.

## BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code [11 U.S.C. §523], the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code [11 U.S.C. §523(a)(19)].

## XI.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## XII.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 31 day of May, 2018.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE